IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| FRED NEKOUEE, Individually, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Case No. 2:16cv874-WHA |
| JRN, INC., a Tennessee Corporation, | ) | |
| | ) | (wo) |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I.   INTRODUCTION**

This cause is before the court on a Motion to Dismiss for Lack of Standing (Doc. #16),

filed by the Defendant, JRN, Inc.

The Plaintiff filed a Complaint in this case on November 4, 2016. In response to a Motion

for More Definite Statement or Motion to Dismiss filed by the Defendant, the Plaintiff filed an

Amended Complaint (Doc. #13). The Plaintiff seeks injunctive relief for violations of the

Americans with Disabilities Act, 42 U.S.C. §12181 et seq. ("ADA") at the Defendant's

establishment. The Defendant filed the instant motion pursuant to Federal Rule of Civil

Procedure 12(b)(1).

For reasons to be discussed, the Motion to Dismiss is due to be DENIED.

**II.   MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

A Rule 12(b)(1) motion challenges the district court's subject matter jurisdiction and

takes one of two forms: a "facial attack" or a "factual attack."   A "facial attack" on the complaint

requires the court to assess whether the plaintiff has alleged a sufficient basis for subject matter

jurisdiction. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990).   A "factual attack," on

the other hand, challenges the existence of subject matter jurisdiction based on matters outside

the pleadings. *Lawrence*, 919 F.2d at 1529.   Under a factual attack, the court may hear

conflicting evidence and decide the factual issues that determine jurisdiction. *Colonial Pipeline*

*Co. v. Collins*, 921 F.2d 1237, 1243 (11th Cir. 1991).   The burden of proof on a Rule 12(b)(1)

motion is on the party averring jurisdiction. *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942).

### III.   FACTS

The facts presented by the parties are as follows:

The Plaintiff, Fred Nekouee ("Nekouee"), lives in Marietta, Georgia. The Defendant's

property is a KFC restaurant located in Montgomery, Alabama.

Nekouee alleges in his Amended Complaint that he is a disabled person who uses a

wheelchair for mobility. He has stated in an affidavit that he travels to Montgomery, Alabama to

attend heavy equipment auctions, and that when he travels he prefers to dine at reasonably-priced

restaurants along major roads. He further states that when he travels to auctions in Montgomery,

he usually stays 2-3 days, which means that he has numerous meals in Montgomery during each

trip. He also states that the next auctions are scheduled for March 14-17, 2017 and June 6-8,

2017, and that he plans to attend one or both of those auctions. According to his affidavit, he

visited the KFC at issue in this case on March 13, 2013 and June 8, 2016, and may have been

there on other occasions. He states his intention "to dine at the KFC located at 2528 Eastern

Boulevard, in Montgomery, Alabama," during one of his upcoming trips. (Doc. #18-1). In the

Amended Complaint, he identifies several barriers to access at the KFC which he alleges are

violations of the ADA, and seeks injunctive relief.

JRN provides evidence that Nekouee's home is approximately 170 miles from the KFC at issue. JRN also states that there are five other restaurant locations in Montgomery, Alabama about which Nekouee has brought lawsuits alleging ADA violations, and points to evidence of their distances from the Montgomery KFC.

## IV. DISCUSSION

To have standing, a plaintiff must show (1) injury-in-fact, (2) a causal connection between the injury and conduct complained of, and (3) that a favorable ruling would redress the injury. *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001). When a plaintiff is seeking injunctive relief, injury-in-fact requires a showing of a "sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future." *Houston v. Marod Supermarkets, Inc*., 733 F.3d 1323, 1328 (11th Cir. 2013).

Specifically in the context of ADA cases challenging barriers at places of public accommodation, courts may consider the following four factors in evaluating standing: (1) the proximity of the place of public accommodation to the plaintiff's residence, (2) the plaintiff's past patronage of the defendant's business, (3) the definitiveness of the plaintiff's plan to return, and (4) the plaintiff's frequency of travel near the defendant. *Houston*, 733 F.3d at 1337 n. 6. While these factors may be considered, they "are not exclusive and ... no single factor is dispositive." *Id*.  "District courts must consider the totality of all relevant facts to determine whether a plaintiff faces a real and immediate threat of future injury." *Id*.

In *Houston*, the Eleventh Circuit analyzed whether an individual had standing to bring claims for injunctive relief under the ADA for barriers at a supermarket that was not the closest supermarket to his home. The defendant had attacked standing as a factual challenge, and the

plaintiff had provided an affidavit in response. The Eleventh Circuit explained that the district court could consider affidavits and was "free to weigh the facts" and "not constrained to view them in a light most favorable to the plaintiff." *Id.* at 1336.

The facts in that case were that the plaintiff had made two prior visits to the supermarket at issue; he lived 30.5 miles from the supermarket, but traveled on a regular basis to his lawyer's office which was two miles from the supermarket; he "definitely" anticipated going to his lawyer's office in the "near future;" and stated that he would return to the establishment if the barriers were removed. *Id.*

The court explained that despite the 30.5 mile distance from his home to the supermarket, the plaintiff had traveled to the area on a regular basis in the past and expected to do so in the near future, he drove past the store on a regular basis, entered the store on two prior occasions, and stated he would so again if the store were ADA complaint, which was enough to establish standing. *Id.* at 1336, 1340. The court noted that by stating that he visits his lawyer's office frequently and "wants" to visit the store on these trips in the "near future," he had "averred a concrete and realistic plan of when he would visit the store again." *Id.* at 1340. The court held that based on the totality of the facts, the plaintiff had standing to seek injunctive relief, and because the barriers had not been removed, there was a 100 percent likelihood that he would suffer the alleged injury again when he returned to the store. *Id.* at 1336. Although the *Houston* case involved an ADA tester, the court stated that it is equally true of a regular customer and a tester that a plaintiff must establish standing on the facts of the case before the court, indicating that the *Houston* analysis applies to both types of cases. *Id.* at 1340.

In this case, Nekouee has stated in an affidavit that he had made at least two previous

4

visits to the KFC in Montgomery, that he travels to Montgomery for heavy equipment auctions, that he eats in restaurants along major roadways when he travels to Montgomery, that his route to the heavy equipment auction takes him past the KFC at issue, that he eats in multiple restaurants during each trip to Montgomery, that the KFC is also 3.3 miles from the hotel in which he has stayed in Montgomery when attending past equipment auctions, that he plans to attend auctions in Montgomery in March and/or June of 2017 and additional auctions which are not yet scheduled, and that he does "intend to dine at the KFC" during one of his upcoming trips to Montgomery. (Doc. #18-1).

As noted, JRN points out that Nekouee lives 170 miles from the KFC in Montgomery, and that the heavy equipment auction location is 13 miles from the KFC. JRN also states that Nekouee is only alleged to have visited the KFC twice in the past, and argues that he travels to Montgomery every three to six months, which is sporadic. JRN also argues that because Nekouee's affidavit contains the statement that he "may very well decide to have some fried chicken at the Defendant's KFC," his statement of intent to visit the KFC in his affidavit is not definite. Finally, JRN argues that Nekouee's statement of intent is undermined by the fact that he has filed five other lawsuits involving restaurants in Montgomery.

As to the definiteness argument, the court finds that the statements in his affidavit that Nekouee has plans to travel to Montgomery in March and/or June of 2017 and intends to eat in the subject KFC when he travels to Montgomery on those upcoming trips is a "concrete and realistic plan," *Houston,* 733 F.3d at 1340, that is not undermined by his statement that he may decide to eat fried chicken at a KFC. *Cf. Weldon v. SEC Restaurant Group, Inc*., No. 3:15cv449-WHA-GMB, 2016 WL 6561575, at *3 (M.D. Ala., Oct. 06, 2016), *report and recommendation*

*adopted by,* 2016 WL 6542852 (M.D. Ala. Nov. 03, 2016) (finding standing where plaintiff visited restaurant in the past and "continues to desire and intends to visit" the restaurant"). As to the fact that Nekouee has brought separate lawsuits in which he has identified other restaurants in the Montgomery area, under *Houston*, multiple lawsuits is not dispositive of standing. *Houston*, 733 F.3d at 1326 (identifying defendant's argument that an intent to return was not credible given an intent to return at multiple locations, but finding that plaintiff had standing). Furthermore, in this case, Nekouee has stated an intent to visit the KFC, and has provided evidence that he eats in restaurants on trips, and eats multiple meals over several days during each visit to Montgomery. *See Hagler v. Swami I Hospitality Corp.*, No. 1:15cv2144-RWS, 2016 WL 705452 at *2, n.1 (N.D. Ga. Feb. 23, 2016) (citing *Houston* and finding standing despite argument that plaintiff had twenty-five claims against hotels in other cases, noting that there was no evidence to challenge the sincerity of the plaintiff's stated intent to return to the hotel at issue in that case).

This court must consider the totality of all relevant facts, which include the facts regarding Nekouee's other lawsuits, and also include Nekouee's affirmative statement of his intent to visit the Montgomery KFC when he visits Montgomery in an upcoming trip to a heavy equipment auction, his plans to attend auctions in Montgomery in March and/or June of 2017, evidence that he has made at least two previous visits to the KFC in Montgomery, evidence that he travels to Montgomery for heavy equipment auctions, his statement that he eats in restaurants along major roadways when he travels to Montgomery and that his route to the heavy equipment auction takes him past the KFC, and evidence that the KFC is also 3.3 miles from the hotel in which he stayed when attending past equipment auctions.

These facts, particularly the facts of past visits, proximity through travel in the near future, and a definite statement of intent to visit the restaurant when he makes a planned upcoming trip, are consistent with the facts which were sufficient to establish standing in *Houston.* 733 F.3d at 1336; s*ee also Stevens v. Premier Cruises, Inc.,* 215 F.3d 1227, 1239, 1243 (11th Cir. 2000) (finding that amendment to allege standing was not futile where allegation was that the plaintiff would take another trip aboard a defendant cruise ship "in the near future"). Therefore, this case stands in contrast to cases where plaintiffs were held to lack standing, such as *Shotz*, 256 F.3d at 1081, because, in those cases, the plaintiffs attempted to establish standing based only on past incidents and where "the plaintiffs have not attempted to return, nor have they alleged that they intend to do so in the future." *Id.*   The court also notes that there is no evidence or allegation that the identified barriers at the Montgomery KFC have been removed.

Accordingly, under the totality of all relevant facts, the court concludes that Nekouee has sufficiently demonstrated that he faces a real and immediate threat of future injury in this case. *Houston*, 733 F.3d at 1337.

## V.   CONCLUSION

For the reasons discussed, the Motion to Dismiss (Doc. #16) is ORDERED DENIED.


 Done this 3rd day of March, 2017.


/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE

7